UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JUNE MARTINEAU, et al.,

          Plaintiffs,
  v.                                                         Case No. 22-C-402

COUNTRY VILLA ASSISTED LIVING IN
PULASKI, INC., et al.,

          Defendants.
------------------------------------------------------------------------------------------------------------------------
ESTATE OF MARIAN A. MARKS, et al.,

          Plaintiffs,
  v.                                                         Case No. 22-C-403

COUNTRY VILLA ASSISTED LIVING IN
PULASKI, INC., et al.,

          Defendants.
------------------------------------------------------------------------------------------------------------------------
ESTATE OF RANDOLPH WICHLACZ, et al.,

          Plaintiffs,
  v.                                                         Case No. 22-C-404

COUNTRY VILLA ASSISTED LIVING IN
PULASKI, INC., et al.,

          Defendants.
------------------------------------------------------------------------------------------------------------------------
ESTATE OF NORBERT MARKS, et al.,

          Plaintiffs,
  v.                                                         Case No. 22-C-405

COUNTRY VILLA ASSISTED LIVING IN
PULASKI, INC., et al.,

          Defendants.

## DECISION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

The Estates and family members of each of the deceased in the above-captioned cases brought these actions against Defendants Country Villa Assisted Living in Pulaski, Inc., and

Country Villa Assisted Living, Inc., (collectively Country Villa) in the Circuit Court for Brown County, alleging negligence in Country Villa's response to the COVID-19 pandemic resulting in the death of each deceased. Country Villa removed the cases to this Court, asserting federal jurisdiction under 28 U.S.C. § 1331 based on the Public Readiness and Emergency Preparedness Act (the PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e. Country Villa then moved for dismissal, while Plaintiffs moved to remand the cases to Brown County Circuit Court. For the following reasons, the motions to remand will be granted and all other outstanding motions will be denied as moot.

June Martineau, Marian Marks, Norbert Marks, and Randolph Wichlacz were residents of Country Villa Assisted Living Pulaski, an assisted-living facility located in Pulaski, Wisconsin. Each of them contracted COVID-19 while residing at the facility, were transferred to a hospital as their condition deteriorated, and soon thereafter passed away from the illness. Plaintiffs allege that these deaths were the direct result of Country Villa's negligent actions and omissions during the COVID-19 pandemic. Plaintiffs allege, among other things, that Country Villa failed to prevent the transmission of COVID-19; institute or develop COVID-19 emergency plans; comply with federal, state, and local government guidance with respect to COVID-19; cease communal dining and group activities; actively screen staff and residents for COVID-19 symptoms; ensure that those staff exhibiting COVID-19 symptoms stopped working; utilize, provide, or obtain a sufficient supply of PPE; and provide a sufficient number of qualified personnel to ensure the well-being of residents.

Plaintiffs filed motions to remand their cases to state court, asserting that this Court lacks jurisdiction over their claims. Country Villa argues that removal is appropriate because the PREP Act completely preempts Plaintiffs' state law claims and provides federal question jurisdiction. "A state-court action may be removed to federal court if it qualifies as a 'civil action . . . of which

<em>2</em>

<em>Case 1:22-cv-00405-WCG   Filed 06/27/22   Page 2 of 5   Document 24</em>

the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (quoting 28 U.S.C. § 1441(a)). Under the doctrine of complete preemption, "when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (internal quotation marks and citation omitted). In other words, if the complaint "pleads a state-law claim that is completely preempted by federal law, the claim is removable to federal court." *In re Repository Techs., Inc.*, 601 F.3d 710, 722–23 (7th Cir. 2010).

The PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1). On March 17, 2020, the Secretary of the Health and Human Services Department issued a declaration under the PREP Act to "provide liability immunity for activities related to medical countermeasures against COVID-19." Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198 (Mar. 17, 2020).

The Seventh Circuit recently addressed whether the PREP Act completely preempts state law claims in *Martin v. Petersen Health Operations, LLC*, --- F.4th ---, 2022 WL 2154870 (7th Cir. June 15, 2022). There, a resident of a nursing home died of COVID-19, and the administrator of her estate filed suit in Illinois state court under the Illinois Nursing Home Care Act. *Id.* at *1. Like Country Villa in the instant case, the defendant nursing home removed the case to federal court, asserting that the suit necessarily rested on federal law. *Id.* In particular, the defendant

3

argued that, because the PREP Act displaces all possible liability under state law, any legal claim asserted necessarily rests on federal law. The defendant relied on two sections of the PREP Act: § 247d-6d(a)(1), which forbids liability under state law for injuries caused by use of a "covered countermeasure," and § 247d-6d(d)(1), which creates a federal claim for injuries caused by "willful misconduct" in connection with "covered countermeasures." The district court remanded the case to state court, finding that neither 28 U.S.C. § 1441(a) nor 28 U.S.C. § 1442(a)(1) authorized removal. *Id.*

The Seventh Circuit affirmed the district court's decision. The court held that § 247d-6d(a)(1) is an ordinary rule of preemption, or defense to liability under state law, that does not create a new federal claim. *Id.* at *2. It also noted that, while § 247d-6d(d)(1) creates a federal claim, it "covers only a subset of potential wrongs, those involving willful misconduct in using covered countermeasures, and does not preempt any other kind of claim, let alone occupy the field of health safety." *Id.* The court concluded that remand was proper because the plaintiff's complaint presented state law claims that were not preempted by the PREP Act. Other courts that have considered the issue have held that the PREP Act's cause of action for willful misconduct was not intended to displace state law claims for negligence and recklessness. *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 410 (3d Cir. 2021); *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 586–87 (5th Cir. 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022). Bound by Seventh Circuit precedent, and further persuaded by the reasoning of the Third, Fifth, and Ninth Circuits, the Court reaches the same conclusion here: Plaintiffs' state law claims are not preempted because they could not have brought their claims under the PREP Act's cause of action for willful misconduct.

To state a willful misconduct claim under the PREP Act, a plaintiff must allege an act or omission taken (1) intentionally to achieve a wrongful purpose; (2) knowingly without legal or

4

factual justification; and (3) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit.  42 U.S.C. § 247d-6d(c)(1)(A)(i)–(iii).  By explicitly stating that the "standard for liability [for willful misconduct] is more stringent than a standard of negligence in any form or recklessness," 42 U.S.C. § 247d-6d(c)(1)(B), "Congress intended a federal claim only for willful misconduct claims and not claims for negligence and recklessness."  *Saldana*, 27 F.4th at 688.  Plaintiffs allege that Country Villa was negligent, not that it engaged in willful misconduct.  Although Plaintiffs seek punitive damages and allege that Country Villa's conduct was "malicious and/or in conscious indifference and/or in intentional disregard" of Plaintiffs' rights and was "performed willfully, wantonly, and with disregard and/or conscious indifference of" Plaintiffs' rights," the complaints contain no allegations that Country Villa acted "intentionally to achieve a wrongful purpose" or "knowingly without legal or factual justification" as required to state a willful misconduct claim.  42 U.S.C. § 247d-6d(c)(1)(A)(i)–(ii).  Because Plaintiffs' allegations do not state a claim for willful misconduct, Plaintiffs' state law claim for negligence is not preempted by the PREP Act.

Country Villa has failed to establish that the Court has subject matter jurisdiction over this action and that removal was proper.  *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  Accordingly, Plaintiffs' motions to remand are **GRANTED**.  These cases are **REMANDED** to Brown County Circuit Court.  All remaining motions are **DENIED as moot**.  The Clerk is directed to send a certified copy of this remand order and docket to the Clerk of the Brown County Circuit Court.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of June, 2022.

>                            s/ William C. Griesbach
>                            William C. Griesbach
>                            United States District Judge